IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
MIDLAND/ODESSA DIVISION

| | | |
|---|---|---|
| SELECT PORTFOLIO SERVICING, INC. | § § § | |
| Plaintiff, | § § | Civil Action No. 7:23-cv-196 |
| v. | § § | |
| TAMARA LORENZ and THE UNKNOWN HEIRS OF KENNETH LORENZ, DECEASED, | § § § § § | |
| Defendants. | § | |

**PLAINTIFF'S ORIGINAL COMPLAINT**

Plaintiff Select Portfolio Servicing, Inc. ("Plaintiff or "SPS") complains of Tamara Lorenz and the Unknown Heirs of Kenneth Lorenz, Deceased, and files this *Original Complaint*, and states as follows:

**I.   PARTIES**

1.   Plaintiff is a "mortgagee" as is defined in Texas Property Code section 51.001(4) and is appearing through the undersigned counsel.

2.   Kenneth Lorenz ("Decedent") was a borrower and co-mortgagor under the loan agreement described below. Decedent passed away on or about April 23, 2021.

3.   Upon information and belief, no probate is open for Decedent's estate in Midland County, Texas, the county where the subject Property is located. Accordingly, there is no executor or administrator to be made a party in this proceeding as the personal representative of Decedent's Estate.

4.   Pursuant to Texas Estates Code §§ 101.001, 101.051, and 201.001, the heirs at law of Decedent ("Heir" or, collectively, "Heirs"), whether known or unknown, acquired all of

Decedent's estate, including an undivided interest in the Property, immediately upon his death. Each Heir is made a party in this proceeding.

5. Defendant Tamara Lorenz is a co-mortgagor on the Loan and wife of the Decedent. Tamara Lorenz and may be served with process at 1002 East County Road #127, Midland, Texas 79706, or at any other place where she may be found. Summons is requested.

6. Defendant the Unknown Heirs at Law of Kenneth Lorenz, Deceased, is the unknown heirs of Kenneth Lorenz, to the extent that they exist and to the extent they have an interest in the subject property. TEX. ESTATES CODE § 101.001. The Unknown Heirs at Law of Kenneth Lorenz may be served by publication. FED. R. CIV. P. 4(E); TEX. R. CIV. P. 111. Summons is requested.

## II. PROPERTY

7. This proceeding concerns the real property and improvements commonly known as 1002 East County Road #127, Midland, Texas 79706 (the "Property") and more particularly described as follows:

> BEING LOT ONE (1), BLOCK FOUR (4), RIDGEHEIGHTS ANNEX, AN ADDITION TO THE CITY OF MIDLAND, MIDLAND COUNTY, TEXAS ACCORDING TO THE MAP OR PLAT THEREOF OF RECORD IN PLAT CABINET B, PAGE 358, PLAT RECORDS OF MIDLAND COUNTY, TEXAS.

## III. JURISDICTION AND VENUE

10. This Court has jurisdiction over the controversy under 28 U.S.C. Section 1332 because there is complete diversity between Plaintiff and Defendants and the amount in controversy exceeds $75,000.00.

11. SPS is a corporation organized and existing under the laws of the state of Utah with its principal place of business in the state of Utah. A corporation is a citizen of the state where it

has been incorporated, and any state where the corporation has its principal place of business. *See* 28 U.S.C. § 1332(c)(1). Therefore, Plaintiff is a citizen of Utah for diversity purposes.

12. Defendant Tamara Lorenz is an individual and citizen of the State of Texas.

13. In this suit, Plaintiff seeks a declaratory judgment to foreclose on real property. Because the property is valued at more than $75,000.00, the minimum amount-in-controversy requirement has been met. When the object of the litigation is a mortgage lien that entitles its owner to the full use and enjoyment of the property, the lien may be measured by the appraised value of the property, the purchase price, or the outstanding principal and interest. *Cf. Farkas v. GMAC Mortg., LLC,* 737 F.3d 338, 341 (5th Cir. 2013).

14. When a party seeks declaratory relief, the amount in controversy is measured by the value of the object of the litigation, and the value of that right is measured by the losses that will follow. *Webb v. Investacorp, Inc.*, 89 F.3d 252, 256 (5th Cir.1996). Stated differently, the amount in controversy is "the value of the right to be protected or the extent of the injury to be prevented." *Hartford Ins. Grp. v. Lou-Con, Inc*., 293 F.3d 908, 910 (5th Cir. 2002) (quoting *Leininger v. Leininger*, 705 F.2d 727, 729 (5th Cir. 1983)); *see also Farkas v. GMAC Mortg*., *LLC*, 737 F.3d 338, 341 (5th Cir. 2013).

15. Here, the value of the right to be protected is enforcement of mortgage contract through foreclosure. If Plaintiff were to foreclose on the Property, it would be entitled to either the full use and possession of it, or the proceeds of a foreclosure sale. But if Plaintiff is unable to foreclose, it may be entirely divested of any interest in the Property. Thus, rights to the entirety of the property are in question, and the value of the property controls. And the value of the Property exceeds $75,000.00. The Midland County Appraisal District values the Property at $622,120.00.

16. Venue is proper in the Western District of Texas, Midland/Odessa Division, under 28 U.S.C. § 1391(a)(2) because this suit concerns title to real property located in Midland County, Texas.

## IV. FACTS

8. The foregoing paragraphs are incorporated by reference for all purposes.

9. On or about June 27, 2007, Decedent Kenneth Lorenz executed a *Texas Home Equity Note (Fixed Rate-First Lien)* in the principal amount of $175,000.00 ("Note"), originally payable to Taylor, Bean & Whitaker Mortgage Corporation as lender on a loan secured by the Property. A true and correct copy of the Note is attached hereto as **Exhibit A**.

10. Concurrently with the execution of the Note, Decedent and Defendant Tamara Lorenz ("Borrowers") executed a *Texas Home Equity Security Instrument (First Lien)*, ("Security Instrument" and together with the Note, "Loan Agreement"), as grantors, granting Mortgage Electronic Registration Systems, Inc., solely as nominee for Taylor, Bean & Whitaker Mortgage Corporation, its successors and assigns, a security interest in the Property. The Security Instrument was recorded in the Official Public Records of Midland County, Texas in Volume No. 2887, Page 577, as Instrument No. 2007-15254 on July 3, 2007. A true and correct copy of the Security Instrument is attached hereto as **Exhibit B**.

11. Subsequently, Mortgage Electronic Registration Systems, Inc. as beneficiary, as nominee, for Mortgage Electronic Registration Systems, Inc. solely as nominee for Taylor, Bean & Whitaker Mortgage Corporation, its successors and assigns, transferred and assigned the Loan Agreement to Nationstar Mortgage, LLC d/b/a Mr. Cooper. The *Corporate Assignment of Deed of Trust* was recorded in the Official Public Records of Midland County, Texas as Instrument No. 2018-35637 on December 6, 2018. A true and correct copy of the Corporate Assignment of Deed of Trust is attached hereto as **Exhibit C.**

12. Then Nationstar Mortgage, LLC d/b/a Mr. Cooper transferred and assigned the Loan to Plaintiff. The *Corporate Assignment of Deed of Trust* was recorded in the Official Public Records of Midland County, Texas as Instrument No. 2019-7802 on March 21, 2019. A true and correct copy of the Corporate Assignment of Deed of Trust is attached hereto as **Exhibit D.**

13. Plaintiff is the current legal owner and holder of the blank endorsed Note. Plaintiff is also the mortgagee of the Security Instrument as that term is defined in section 51.0001 (4) of the Texas Property Code.

14. Decedent passed away on or around April 23, 2021. Upon information and belief, no probate was ever opened for Decedent. In accordance with Texas Estates Code §§ 101.001(b) and 101.051, their heirs acquired all of his interest in the Property immediately upon his death, subject to the Loan Agreement debt owed to Plaintiff.

15. Under the terms of the Loan Agreement, the Borrowers were required to pay when due the principal and interest on the debt evidenced by the Note, as well as any applicable charges and fees due under the Note.

16. The Loan Agreement further provides that should they fail to make payments on the Note as they became due and payable, or fail to comply with any or all of the covenants and conditions of the Security Instrument, that the lender may enforce the Security Instrument by selling the Property according to law and in accordance with the provisions set out in the Loan Agreement.

17. The Loan Agreement is currently due for the June 1, 2022 payment and all subsequent monthly payments. On September 18, 2023, a *Demand Letter-Notice of Default* was sent via certified mail to the Estate of Kenneth W. Lorenz at the Property's address, in accordance with the Loan Agreement and the Texas Property Code. A true and correct copy of the *Notice of Default* is attached hereto as **Exhibit E**.

18. The default was not cured. Through the filing of this Complaint, Plaintiff hereby accelerates the debt owed.

19. Plaintiff brings this suit for declaratory judgment and foreclosure so it may enforce its security interest in the Property.

## V. CAUSE OF ACTION- DECLARATORY JUDGMENT

20. The foregoing paragraphs are incorporated by reference for all purposes.

21. Plaintiff requests a declaration from this Court that it is the owner and holder of the Note and beneficiary of the Security Instrument. Plaintiff requests a further declaration from this Court that, as owner and holder of the Note and beneficiary of the Security Instrument, Plaintiff is a mortgagee as that term is defined under Texas Property Code section 51.0001(4) and is authorized to enforce the power of sale in the Security Instrument through foreclosure of the Property.

## VI. CAUSE OF ACTION - ENFORCEMENT OF STATUTORY PROBATE LIEN

22. The foregoing paragraphs are incorporated by reference for all purposes.

23. Plaintiff seeks a declaration from this Court that Plaintiff has a statutory probate lien against the Property under the terms of the Loan and the following statutory authority:

> a. TEX. ESTATES CODE §§ 101.001(b) and 101.051(b)(1), which state in pertinent part:
>
> *"the estate of a person who dies intestate vests immediately in the person's heirs at law, subject to the payment of, and is still liable for: the debts of the decedent, except as exempted by law"*
>
> b. TEXAS TITLE EXAMINATION STANDARDS § 11.10, which states in pertinent part:
>
> *"A decedent's Property passes to his or her heirs at law or devisees immediately upon death, subject in each instance, except for exempt Property, to*

    *payment of debts, including estate and inheritance taxes;"* and

 c. TEXAS TITLE EXAMINATION STANDARDS § 11.60, which states in pertinent part:

    *"A decedent's Property passes to his or her heirs at law or devisees immediately upon death, subject in each instance, except for exempt Property, to payment of debts, including estate and inheritance taxes . . . Property of a decedent passes subject to unpaid debts and taxes of the estate."*

24. Through Plaintiff's statutory probate lien, reserved in Texas Estates Code §§ 101.001 and 101.151, Plaintiff has an enforceable and superior lien against the Heirs' interest in the Property. Because of a material breach of the Loan Agreement, Plaintiff seeks to enforce its statutory probate lien in the Property through foreclosure.

## VII. CAUSE OF ACTION- NON-JUDICIAL FORECLOSURE

25. The foregoing paragraphs are incorporated by reference for all purposes.

26. Because of a material breach of the Loan Agreement, Plaintiff seeks an order from this Court to enforce its statutory probate lien through non-judicial foreclosure pursuant to the terms of the Loan Agreement and Texas Property Code § 51.002, with respect to Defendants who acquired and/or have a potential interest in the Property subject to Decedent's debts.

27. A public auction of the Property in conjunction with all other regularly scheduled non-judicial foreclosure sales on the first Tuesday of the month would provide the most practical, efficient, and effective means to enforce Plaintiff's security interest in the Property. Because the rights, responsibilities, and duties of Plaintiff and the trustee are well known under Texas Property Code § 51.002 and Texas case law, a public auction conducted in the same manner as a non-judicial foreclosure sale would meet all constitutional standards of due process and would be the

most expedient means to put the Property back into the stream of commerce and the housing stock of the community.

### VIII. CAUSE OF ACTION- JUDICIAL FORECLOSURE

28. The foregoing paragraphs are incorporated by reference for all purposes.

29. In the alternative, for failure to cure the default of the Loan Agreement, Plaintiff seeks to enforce its security interest against the Property in an amount equal to the payoff at the time of judgment.

30. Plaintiff seeks a judgment for judicial foreclosure together with an order of sale issued to the sheriff or constable of the Midland County, Texas where the Property is located directing the sheriff or constable to seize and sell the Property in satisfaction of the Loan Agreement debt, pursuant to Texas Rules of Civil Procedure 309.

### IX. CAUSE OF ACTION - ATTORNEY'S FEES

31. Because of the material breach of the Loan Agreement, Plaintiff is entitled to recover reasonable and necessary attorneys' fees under the Loan, and Texas Civil Practice and Remedies Code §38.001. Attorneys' fees are not sought as a personal judgment against the Defendants but only as an additional debt secured by the Deed of Trust.

### X. PRAYER

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff requests that Defendants be cited to appear and answer, and the Court enter judgment granting:

a. A declaration that Plaintiff is the owner and holder of the Note and beneficiary of the Deed of Trust and that Plaintiff is a mortgagee as that term is defined under Texas Property Code section 51.0001(4), and is authorized to enforce the power of sale in the Deed of Trust through foreclosure of the Property;

b. A declaration that Plaintiff's statutory probate lien against the Property shall be enforced by a non-judicial foreclosure at public auction—or alternatively, a judgment for judicial foreclosure—and that through the foreclosure or auction the Defendants are

    divested, and the purchaser at foreclosure sale is vested, of all of Decedent's right, title, and interest to the Property;

c. Attorney fees and costs of suit; *and*

d. All other relief, in law and in equity, to which Plaintiff is entitled.

                        Respectfully submitted,

                By: */s/ Mark D. Cronenwett*
                    **MARK D. CRONENWETT**
                    Attorney in Charge
                    Texas Bar No. 00787303
                    mcronenwett@mwzmlaw.com

                    **CHEYENNE D. HALEY**
                    Texas Bar No. 24131883
                    chaley@mwzmlaw.com

                **MACKIE WOLF ZIENTZ & MANN, PC**
                14160 North Dallas Parkway, Ste. 900
                Dallas, TX 75254
                Telephone: (214) 635-2650
                Facsimile: (214) 635-2686

                **ATTORNEYS FOR PLAINTIFF**